**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enedina Coronado, et al., | No. CV-18-04184-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Costco Wholesale Corporation, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Enedina Coronado's Motion for Leave to File First Amended Complaint. (Doc. 18, "Mot."). Defendant Costco Wholesale Corporation ("Costco") opposed the motion, (Doc. 19, "Resp."), and Coronado filed a reply, (Doc. 20, "Reply"). For the reasons below, the Court GRANTS IN PART the Motion for Leave.

**BACKGROUND**

Plaintiffs Enedina Coronado and Armando Romero, a married couple, filed their initial complaint in the Maricopa County Superior Court on October 29, 2018, alleging that on November 17, 2017, Coronado slipped and fell at a Costco store due to a soap spill on the floor. (Doc. 1-3 at 2–4). Costco removed the action to this Court on November 21, 2018. (Doc. 1). On February 11, 2019, the Court gave the parties sixty days to amend pleadings. (Doc. 16). On April 10, 2019, Plaintiffs filed this Motion for Leave to File First Amended Complaint. Plaintiffs do not seek to add new parties but rather ask to (1) add a product liability claim (2) add a breach of implied warranty claim, (3) remove unnamed Does and entities, and (4) dismiss the claims of Armando Romero.

**DISCUSSION**

**I. Legal Standard**

Except for amendments made "of course" or pursuant to stipulation, leave of court is required to amend a pleading. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.* "[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation marks and citation omitted). The underlying purpose and policy of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (citation omitted).

The Court must consider the following five factors when deciding whether to grant a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the movant has previously amended its complaint. *Id.* Not all of the factors are given the same weight, and the Ninth Circuit gives the greatest weight when considering any prejudice to the opposing party. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (citation omitted) (emphasis in original). The Ninth Circuit has stated that "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "However, denial on [the ground of futility] is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, No. CV-F-05-1411 OWW/GSA, 2010 WL 596312, at *14 (E.D. Cal. Feb. 16, 2010). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which determines the propriety of a motion to amend by ascertaining

the presence of any of [the] factors." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (internal quotation marks and citation omitted). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

**II. Analysis**

Costco's opposition argues only that the Court should deny Plaintiff's request to amend her complaint because the additional claims made by Plaintiff do not set forth viable causes of action, rendering the amendment futile. (Resp. at 3). First, Costco argues that Plaintiff's proposed "products liability" claim is futile under Arizona law. Costco argues that by claiming the bottle that allegedly leaked was defective, Plaintiff is attempting to hold Costco "strictly liable," contrary to Arizona law regarding premises liability. (Resp. at 3). While Costco has cited persuasive case law from other jurisdictions advocating for the ultimate failure of such a claim, (Resp. at 4–6), it has not cited any Arizona case law squarely prohibiting Plaintiff from bringing this claim. Because of Rule 15's policy favoring amendments, and because the inquiry Costco asks the Court to make is more properly suited for a motion to dismiss, the Court will grant Plaintiff's motion in regard to adding the products liability claim.

Second, Costco argues that Plaintiff's proposed "breach of implied warranty" claim is futile under Arizona law. (Resp. at 8). Costco argues that this claim is futile "because Arizona law has expressly held that any breach of warranty claims are merged into products liability claims when asserted in a tort context such as this one." (Resp. at 8). Costco cites to several Arizona decisions supporting its argument. *See Wetzel v. Commercial Chair Co.*, 500 P.2d 314, 316 (Ariz. Ct. App. 1972) ("[P]ersonal injuries caused by defective products should be based upon tort law."); *see also Benson v. Stryker Corp.*, No. CV 08-351-TUC-FRZ, 2009 WL 10708713, at *2 (D. Ariz. Feb. 24, 2009) ("[T]he Court agrees that Plaintiff's implied warranty claim is subject to dismissal as it merges into Plaintiff's strict liability claim against Defendant under the circumstances of this case."); *Scheller v. Wilson Certified Foods, Inc.*, 559 P.2d 1074, 1076 (Ariz. Ct. App. 1976) ("[T]he theory of

| | |
|---|---|
| 1 | liability under implied warranty has been merged into the doctrine of strict liability in tort, |
| 2 | so that it is on this latter doctrine that the plaintiff's claim must stand or fall."). In reply, |
| 3 | Plaintiff fails to even mention Costco's argument, and merely argues that amendments |
| 4 | under Rule 15 should be "freely given" and Plaintiff has met the requirements of Rule 8. |
| 5 | The Court agrees with Costco's assertion that a claim of breach of implied warranty |
| 6 | merges into a products liability claim under the facts here. As such, the Court finds that |
| 7 | adding the breach of implied warranty claim would be futile and denies Plaintiff's motion |
| 8 | to add this claim. |
| 9 | Accordingly, |
| 10 | **IT IS ORDERED** that Plaintiffs' Motion to Amend Complaint (Doc. 18) is |
| 11 | **GRANTED IN PART**. Plaintiffs must file a separate clean copy of their First Amended |
| 12 | Complaint in compliance with this order within seven (7) days of the date of this order. |
| 13 | Dated this 29th day of May, 2019. |

Honorable Susan M. Brnovich
United States District Judge