**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enedina Coronado, et al., | No. CV-18-04184-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Costco Wholesale Corporation, et al., | |
| Defendants. | |

Pending before the Court is Defendant Costco Wholesale Corporation's Motion to Dismiss Count Two of Plaintiffs' First Amended Complaint, (Doc. 23, "Mot."), under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs filed a Response (Doc. 25, "Resp."), and Defendant filed a Reply (Doc. 26, "Reply"). Oral argument was held on October 21, 2019. (Doc. 35.) The Court has considered the Motion, Response, and Reply and enters the following Order:

### I. BACKGROUND

Plaintiff Enedina Coronado slipped on liquid detergent while shopping at Costco. (Doc. 22 at 1.) Along with her husband, Armando Romero, ("Plaintiffs") Coronado filed a complaint against Costco Wholesale Corporation ("Defendant") in Maricopa County Superior Court on October 29, 2018. (Doc. 1-3 at 2-4). Defendant removed. (Doc. 1.) After seeking leave to amend, Plaintiffs filed a First Amended Complaint on May 30, 2019. (Doc. 22.) They seek recovery under two distinct legal theories: premises liability and products liability. (Doc. 22.) Defendant moves to dismiss the latter claim under

Rule 12(b)(6).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must provide the defendant with "fair notice" of the claims against it and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). Generally, a district court "may not consider any material beyond the pleadings in ruling on a Rule

12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).

**III. DISCUSSION**

Defendant moves to dismiss Count Two of Plaintiffs' First Amended Complaint. Defendant identifies two independent faults with Plaintiffs' products liability claim: (1) lack of a cognizable legal theory; and (2) insufficient factual allegations to support a cognizable legal theory. (Mot. at 3.) The Court analyzes each in turn.

**a. Cognizable Legal Theory**

Defendant's argument is three-fold. Defendant first argues that Plaintiffs' products liability claim is not a cognizable legal theory because Arizona law prohibits Plaintiffs from alleging a products liability claim alongside a premises liability claim. Defendant contends the products liability claim wrongly applies strict liability to a negligence-based premises liability action. (Mot. at 1.) Defendant next claims this proposition is supported by Arizona case law but admits that no Arizona case "addresses th[at] precise question."[1] (Mot. at 3.) Defendant instead looks to out-of-state case law as persuasive authority to support "Arizona's implicit recognition that there cannot be a strict liability theory in a premises liability case." (Mot. at 5.) This Court declines Defendant's invitation to venture onto ground Arizona courts have yet tread.

For one, Defendant is incorrect that Arizona law does not permit a plaintiff to bring independent strict liability and negligence claims in the same action. *See Shannon v. Butler Homes, Inc.*, 102 Ariz. 312, 315-17 (1967) (considering a products liability and premises liability claim); *Cothrun v. Schwartz*, 156 Ariz. 459, 461 (Ariz. App. 1988). Defendant points out that no plaintiff in an Arizona slip and fall case has successfully recovered under a products liability theory. That might be correct. However, Arizona courts regularly permit strict liability claims to accompany premises liability claims like claim here. Regardless, the lack of a case where a slip-and-fall plaintiff brings products

---
[1] Indeed, neither party, nor the Court can find an Arizona case preventing a plaintiff from bringing a products and premises liability claim in the same action.

- 3 -

liability and premises liability claims in a single cause of action and successfully recovers does not mean the claims cannot be pled together. That past plaintiffs failed does not mean that future plaintiffs cannot succeed as a matter of law. Although the strict liability claims asserted in such cases do not typically survive dismissal or summary judgment, this Court finds no case where Arizona courts hold products liability and premises liability claims are incompatible theories of recovery. *See Vega v. Griffiths Const., Inc.*, 172 Ariz. 46, 48 (Ariz. App. 1992) (rejecting a product liability claim on appeal from summary judgment for failure to prove the product had entered the stream of commerce); *Cothrun v. Schwartz*, 156 Ariz. at 461 (considering products liability and negligence claims resulting from asbestos contamination on appeal from a grant of summary judgment). While Defendant argues that Arizona courts have never *held* that a proprietor is strictly liable for all injuries that occur on its premises, they have allowed those claims to proceed past the pleading stage.

The Federal Rules of Civil Procedure explicitly authorize litigants to present alternative or inconsistent pleadings. Fed. R. Civ. P. 8(e)(2). A party may set forth multiple statements of a claim or defense "alternatively or hypothetically . . . regardless of consistency." *Id*. Rule 8's liberal pleading policy supports the Ninth Circuit's historical reluctance to permit one pleading to be read as a judicial admission against an alternative pleading. *See Molsenbergen v. U.S.*, 757 F.2d 1016, 1018-19 (9th Cir. 1985). With no Arizona case explicitly barring Plaintiffs from bringing products liability and premises liability claims jointly, this Court will not create such a rule.

Defendant argues that Arizona case law implicitly recognizes the incompatibility of strict liability and premises liability theories of recovery. This Court is not convinced. Defendant's cases clearly enunciate some fundamental principles of premises liability— that a business proprietor's affirmative duty of care is not limitless, and liability is only triggered when specific knowledge requirements are met. They establish that a possessor of a premises is certainly not an insurer of an invitee's safety, at least as to conditions from which an unreasonable risk of harm is not anticipated. *See Berne v. Greyhound*

*Parks of Ariz., Inc.*, 104 Ariz. 38, 41 (1968) (citing § 343 Restatement of Torts 2nd). These cases do not, however, establish that premises liability is incompatible with strict liability claims as a matter of law—at least in Arizona. At most, Defendant succeeds in reinforcing the distinct requirements of premises liability claims.

Defendant's Arizona cases are also distinguishable. *Preuss* addresses questions of notice and causation when a plaintiff slipped on a pebble near a building entrance. *Preuss v. Sambo's of Arizona, Inc.*, 130 Ariz. 288 (1981). *Berne* is another similar instance. 104 Ariz. at 38 (concerning a slip on a puddle created by liquid dripping off a grandstand). The plaintiffs in each case alleged that some sort of defective condition on the premises supported liability. The Arizona Supreme Court in both cases made the same move. It first found the *facts* insufficient to support the plaintiffs' quasi-strict liability claims, then refused to apply strict liability to premises liability claims. Neither the *Preuss* nor the *Berne* plaintiff brought a stand-alone strict liability claim. The Arizona Supreme Court in both cases grounded its analysis in a fundamental principle of a negligence or premises liability claim—a "proprietor of a business is not required to keep the premises *absolutely* safe." *Preuss*, 130 Ariz. at 289 (adopting a negligence analysis in finding a possessor of a premises had "an affirmative duty to make the premises *reasonably* safe") (emphasis added). Defendant reads this to mean a products liability claim cannot stand alongside a premises liability claim. Properly read, this simply recognizes that premises liability is not strict liability, nothing more. *Berne* and *Preuss* based their holdings, in part, on the inability of the plaintiffs to prove their premises liability claims with sufficient facts. Plaintiffs in *Preuss* and *Berne* did not even plead under a strict liability theory. Plaintiffs here, of course, do. Neither *Preuss* or *Berne* contemplated a theory of products liability. Plaintiffs here ask this Court to contemplate just that.

With Arizona law lending little assistance, Defendant turns to out-of-state case law for support. Defendant notes that, when no Arizona law speaks directly to a subject, courts are permitted to look to the law of other states for persuasive authority. *See*

*Boswell v. Sup. Ct. In & For Maricopa Cnty.*, 125 Ariz. 307, 307 (1980). These cases are less persuasive than they first appear. *Jones v. Jarvis* is illustrative. 437 S.W.2d 189, 190 (Ky. 1969). The plaintiff in *Jones* asked the Kentucky Court of Appeals to "change the law" and adopt a strict liability principle similar to products liability to avoid "having to establish the length of time that the foreign substance [a banana peel] was on the floor." *Id.* The *Jones* court only reached this argument after finding "no evidence" that "the condition of the banana peel being on the floor was created or traceable to an act of the appellants." *Id.* The *Jones* plaintiff did not bring a products liability claim. Instead, she explicitly asked the court to change the law and do what the Arizona Supreme Court refused to do in *Preuss* and *Berne*—improperly adopt a heightened standard to save a factually insufficient negligence claim.[2] A similar request on Plaintiffs part here would be treated similarly.

The other primary out-of-state case, *Bosquez v. H.E. Butt Grocery Co.*, is also far less prohibitive than Defendant presents. 586 S.W.2d 680, 681 (Tex. Civ. App. 1979). *writ refused NRE* (Jan. 9, 1980). Although replete with pointed commentary that seemingly decries the application of strict liability theories to slip-and-fall cases, (*see* Reply at 8), a closer read reveals a nuanced focus on the timing of a product defect and issues of proof in an appeal from a take-nothing judgment after trial. The *Bosquez* court's primary concern was with *when* a product became defective and triggered strict liability, not *if* recovery based on a product defect was *ever* appropriate in a slip-and-fall case. The *Bosquez* plaintiff slipped on spilled baby food from a container that was clearly defective at the time of her accident. But, *after discovery and trial*, plaintiff could

---

[2] This Court is skeptical that *Jones* can be read as holding strict liability is *de facto* incompatible with slip and fall cases. Take a twist on a classic products liability case: the exploding cola bottle. *See generally Centineo v. Anheuser-Busch, Inc.*, 276 So.2d 352, 353 (La. App. 1973); *Steele v. Royal Crown Cola Bottling Co.*, 335 So.2d 586, 587 (Fla. App. 1976). Imagine the prototypical plaintiff in such a case, picks up a cola bottle that promptly explodes and sends shards of glass flying. Miraculously, she is untouched. But in the next, tragically comedic moment, she slips on the spilled cola and is injured. In that case, a premises liability claim would likely fail because the defendant would likely not have enough time to be on notice of a dangerous condition. A products liability claim may, in that example, fail for a variety of reasons. Why the claim should be barred as a matter of law remains unclear.

not show how the spill occurred, when the product became defective, or what caused the defect. Specifically, the plaintiff did not carry "the burden of proving that the defective product reached her without substantial change in the condition in which it (was) sold." *Id.* at 683. There, the "plaintiff failed to prove a case of strict liability." *Id.* at 683. Here, Defendant asks this Court to rob Plaintiffs of that opportunity. The Court declines.

The Court is satisfied that Plaintiffs' theories of recovery are legally cognizable to survive Defendant's motion to dismiss under Rule 12(b)(6).

### b. Sufficiency of Facts Alleged

Defendant next argues that Plaintiffs' products liability claim fails to allege sufficient facts and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). (Mot. at 10.) Arizona courts recognize products liability claims in three distinct situations: (1) manufacturing defects; (2) design defects; and (3) warning or instruction defects. *Brown v. Sears Roebuck & Co.*, 136 Ariz. 556, 562 (Ariz. App. 1983). Plaintiffs allege a manufacturing defect. To establish a prima facie case for strict products liability, "a plaintiff must show that the product was in a defective condition (when it left defendant's hands), that the defect made the product unreasonably dangerous, and that the defect was the proximate cause of the plaintiff's injuries." *Sw. Pet Prods., Inc. v. Koch Indus., Inc.*, 273 F.Supp.2d 1041, 1051 (D. Ariz. 2003).

As it stands, Plaintiffs' First Amended Complaint reads as little more than a rote repetition of the required elements of a products liability claim. Plaintiffs do not plead facts sufficient to survive Rule 12(b)(6). While Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Count Two of the First Amended Complaint alleges that the detergent container was defective because "it failed to contain the liquid detergent in the container as intended." (Resp. at 7.) Count Two also incorporates "each and every allegation set forth" in Count One. (Doc. 22 at ¶ 13.) Count One alleges, among other things, that the leaking detergent bottle that

caused Plaintiffs' injury fell and spilled its contents on the ground.[3] (*Id.* at ⁋ 8.) Reading Counts One and Two together, Plaintiffs allege that the detergent bottle was defective because it leaked when it fell. Plaintiffs must allege more to make that assertion plausible. Without more, Plaintiffs' complaint reads as a mere "formalistic recitation of the elements of a cause of action" and are insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555 (2007). To survive a motion to dismiss here Plaintiffs must allege facts that show the product was "defective" or "unreasonably dangerous" at the time it left the Defendant's control, not merely reach that conclusion. *See Dart v. Wiebe Mfg., Inc.*, 147 Ariz. 242, 244 (1985). Barring that, the Court is left with: a bottle fell and spilled its contents. These facts do not move the needle from "sheer possibility" to "plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. Thus, Plaintiffs do not allege facts that allows this Court to reasonably infer a manufacturing defect existed.

**IV. CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Count Two of Plaintiffs' First Amended Complaint (Doc. 23) is **GRANTED** without Prejudice;

Dated this 23rd day of October, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge

---

[3] At oral argument, Plaintiffs presented a different facts than those alleged in the First Amended Complaint. The Court only considers the facts as alleged in the complaint. *See Schneider v. California Dept. of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("[A] court may not look beyond the complaint to a plaintiff's moving papers.").